IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MUNICIPALITY OF MARIANA, *ET AL*.

Claimant-Applicants.

1:23-mc-00033-KWR

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Applicants' *Ex Parte* Application for an Order Under 28 U.S.C. § 1782 to Take Discovery from Marcus Randolph.  Doc. 1.  Having reviewed the party's pleadings and applicable law, the Court finds Applicants' motion is well taken and therefore, **GRANTED**.

### BACKGROUND

Applicants, claimants in *Municipio de Mariana and Others v. BHP Group (UK Ltd. and BHP Group Limited)* before the English High Court of Justice, filed this *ex parte* application for an order under 28 U.S.C. § 1782 to take discovery from Marcus Randolph, a resident of Santa Fe, New Mexico. Doc. 1-1 at 1.  Claimants in this English litigation case consist of roughly 700,000 individuals, businesses, municipalities, members of indigenous groups, religious organizations, and utility companies seeking compensation from English Defendants for losses and damages arising from the 2015 collapse of the Fundao Dam in Brazil.  *Id*. at 2, 4.  Claimants seek to hold English Defendants liable as indirect polluters under Article Three of Brazilian environmental law, fault-based liability under Article 186 of the Brazilian Civil Code, and liable as controlling shareholders as defined in Article 116 of Brazilian corporate law.  *Id*.  To establish these claims, Applicants seek discovery of evidence related to Defendants' supervision, management, funding, control of, and profits generated from the Brazilian-

English joint venture behind the Fundao Dam, Samarco Mineracao SA ("Samarco"), and BHP's knowledge of the risks posed by the dam. *Id*. Marcus Randolph, Chief Executive of BHP's Ferrous and Coal Customer Sector Group, was a member of the BHP Group Management Committee, the most senior executive body of BHP, focusing on leadership and strategic advice to the BHP Group and its CEO from 2007 to 2013. *Id*. at 2-3. Marcus Randolph served on Samarco's board of directors from 2007 to 2013 as a member, chairman, and vice chairman. *Id*. As a result of these positions, Applicants allege Mr. Randolph can likely provide testimonial and documentary evidence related to BHP's executive level policies, decisions, and internal discussions regarding supervision, management, funding, control of, and profits generated from Samarco; Samarco's corporate structure and governance; BHP's involvement in and understanding of the Fundao Dam; and decisions authorized or recommended by the Samarco board of directors related to the Fundao Dam. *Id*. at 3-4.

## LEGAL STANDARD

28 U.S.C. § 1782(a) states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

For an international proceeding discovery request, an applicant must satisfy three requirements: (1) that the applicant is an "interested person;" (2) that the discovery is to be used in a proceeding in a foreign or international tribunal; and (3) the target of discovery is a person who resides or may be found in the district. *In re Ex Parte Application Under 28 U.S.C. § 1782 to Take Discovery from Americo Fialdini Junior*, No. 21-MC-0007-WJM-NYW, 2021 WL 253455, * 2 (D. Colo. Jan. 26, 2021) citing, *In re Perez Pallares*, Civil Action No. 10-cv-2528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 2010).

While meeting these requirements is necessary for discovery, a court retains discretion to determine if such discovery is proper. *Id*. citing, *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004).  Under *Intel*, courts must consider, "(1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and character of the proceedings underway abroad; (3) the receptivity of the foreign government or the court or agency abroad to federal court assistance; (4) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country; and (5) whether the request contains unduly intrusive or burdensome requests." *In re Ex Parte Application Under 28 U.S.C. § 1782 to Take Discovery from Americo Fialdini Junior*, No. 21-MC-0007-WJM-NYW, 2021 WL 253455, * 2 citing, *Id*.

However, a district court must be assured that it has jurisdiction over a petition, and once jurisdiction is established, only then may grant discovery under § 1782 in its discretion. *In re Application of Johannes Roessner to Take Discovery Pursuant to 28 U.S.C. 1782 in Aid of Foreign Litigants or Proc.*, No. 21-MC-513 (RA) (OTW), 2021 WL 5042861 * 1 (S.D.N.Y. Oct. 29, 2021) citing, *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015*))*; *In re Top Matrix Holdings Ltd.*, No.

18-mc-465 (ER), 2020 WL 248716, at *5 (S.D.N.Y. Jan. 16, 2020).  Ordinarily, federal courts follow state law in determining jurisdiction over persons. *In re Ex Parte Application Under 28 U.S.C. § 1782 to Take Discovery from Americo Fialdini Junior*, No. 21-MC-0007-WJM-NYW, 2021 WL 253455 * 3 citing, *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 753, 187 L. Ed. 2d 624 (2014).

## DISCUSSION

Applicants seek to obtain documents and testimony from Mr. Randolph related to the causes of action in the English litigation.  Doc. 1-1 at 8.  Specifically, Applicants allege Mr. Randolph was intimately involved in the operations of BHP and Samarco during the time leading up to the Fundao Dam collapse.  *Id*.  Applicants allege that Mr. Randolph is in possession of information regarding the extent of safety recommendations, and by deposing him, he will provide clarity as to how the GMC operated with respect to Samarco, what was discussed at Samarco Board meetings, what was reported to BHP following Samarco Board meetings, whether both BHP and Samarco were aware of risks associated with the Fundao Dam, and whether BHP asserted control over Samarco in relation to decisions made in face of those risks.  *Id*. at 11.  Applicants assert that Mr. Randolph has already been subpoenaed and produced documents related to the Fundao Dam collapse, and there is overlap between that case and this request.  *Id*. citing*, In Re BHP Billiton Limited Securities Litigation*, No. 16-cv-01445 (S.D.N.Y), filed Feb. 23, 2016.[1]  Applicants contend that its *ex parte* application request complies with 28 U.S.C. § 1782 and the *Intel* factors and therefore, its request should be granted.  This Court agrees.

---

[1] Applicants specifically claim Mr. Randolph is in possession of pay slips, employment contracts, and probative communications between himself and Samarco/BHP personnel.

Under 28 U.S.C. § 1782, "[t]o obtain discovery for an international proceeding, the applicant must satisfy three threshold requirements: (1) that the applicant is an "interested person;" (2) that the discovery is to be used in a proceeding in a foreign or international tribunal; and (3) the target of discovery is a person who resides or may be found in the District." *In re Ex Parte Application Under 28 U.S.C. § 1782 to Take Discovery from Americo Fialdini Junior*, No. 21-MC-0007-WJM-NYW, 2021 WL 253455 * 2 citing, 28 U.S.C. § 1782(a); *In re Perez Pallares*, Civil Action No. 10-cv-2528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 2010).

As to the first § 1782 factor, this Court finds the Applicants are interested persons. Here, the Applicants consist of over 700,000 individuals, communities, businesses, churches, indigenous groups affected by the collapse of the Fundao Dam. The Applicants are undoubtedly interested persons for the purposes of § 1782 as one of the primary litigating parties. *See Intel*, 482 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782"). Therefore, this factor weighs in favor of granting Applicants' motion.

Regarding the second § 1782 factor, this Court finds the requested evidence is to be used in a foreign tribunal. As the Applicants have explained, the evidence sought is for use in a case pending before the High Court of Justice in London, England, a qualified tribunal under § 1782. Doc. 1-1 at 15. According to *Intel*, a foreign tribunal for the purposes of § 1782, includes a "first-instance decision maker." *Intel*, 542 U.S. at 242-43. Furthermore, American courts have previously recognized the English High Court of Justice as a foreign tribunal under § 1782. *See In re Credit Suisse Virtuoso SICAV-SIF in Respect of Sub-Fund Credit Suisse (Lux) Supply Chain Fin. Fund*, 2022 WL 1265919, at *1 (D. Ariz. Apr. 28, 2022); *In re Google Inc.*, No. 14-MC-80333-DMR, 2014 WL 7146994, at * 2 (N.D. Cal. Dec. 15, 2014); *In re Ex Parte*

*Application of Societe d'Etude de Realisation et d'Exploitation Pour le Traitement du Mais*, No. 13-MC-026, 2013 WL 6164435, at * 1 (E.D.Pa. Nov. 22, 2013).  As Applicants assert, given Mr. Randolph's role with Samarco, he likely has probative information for the case pending before the High Court of Justice.  Therefore, this Court finds the second § 1782 factor favors granting Applicants' request.

Lastly, this Court finds Mr. Randolph resides in New Mexico, thereby satisfying the third requirement of § 1782.[2]  *See* Ex. 2; 13.  This Court's finding as to Mr. Randolph's residency is reinforced by a similar finding of residency of another member of the Samarco Board, who resides in Arizona*.  See In Re: Application of the Municipality of Mariana & Others For an Order Under 28 U.S.C. §1782 To Take Discovery From Margaret Beck*, No. MC-23-00036-PHX-DJH (D. Ariz. Sep. 13, 2023).

"[O]nce the statutory requirements are met, a district court is free to grant discovery in its discretion."  *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83-84 (2d Cir.2004).  However, the Supreme Court has outlined factors courts should consider in determining whether to exercise discretion over discovery under § 1782.  Under the *Intel* factors, courts must weigh, "(1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and character of the proceedings underway abroad; (3) the receptivity of the foreign government or the court or agency abroad to federal court assistance; (4) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country; and (5) whether the request contains unduly intrusive or burdensome requests."  *In re Ex Parte Application Under 28 U.S.C. § 1782 to Take*

---

[2] Given Mr. Randolph's residency and 28 U.S.C. § 1782(a) ("The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation"), this Court finds it has jurisdiction over Mr. Randolph.

6

*Discovery from Americo Fialdini Junior*, No. 21-MC-0007-WJM-NYW, 2021 WL 253455 * 2 citing, *Intel*, 542 U.S. at 260.  Applicants assert its request complies with the *Intel* factors.  This Court agrees.

As to the first factor, whether the evidence sought is within the English High Court of Justice's jurisdictional reach, Mr. Randolph is no longer employed with Defendants, will not be a party to the pending English litigation, and is located outside of the English Court's reach given his New Mexico residency.  Therefore, since Mr. Randolph's testimony and other evidence he may have is essential to the pending case before the English High Court of Justice, and he is outside of there jurisdictional reach, this factor weighs in favor of granting Applicants' *ex parte* application.

This Court finds the second and third *Intel* factors also weigh in favor of Applicants' request.  There is no "authoritative proof" that the English Court of High Justice would reject discovery assistance through § 1782.  *In re Polygon Glob. Partners LLP*, No. 21-mc-364 (ER), 2021 WL 2117397, at *8 (S.D.N.Y. May 25, 2021) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)); *In re Ex Parte Application of Porsche*, 2016 WL 702327, at *8 (internal citations omitted) ("The law on this factor is clear: District courts have been instructed to tread lightly and heed only clear statements by foreign tribunals that they would reject Section 1782 assistance").  Applicants' counsel attests that "English courts are receptive to § 1782 discovery" and in the instances that English Courts have rejected such evidence, it was in cases where the proposed deposed witness is a party to litigation.  Ex. 2 at 9 citing, *Omega Group Holdings Ltd. v. Kozeny*, [2002] C.L.C. 132, 135 (Q.B. 2001) (Eng.).  Here, Applicants assert Mr. Randolph is not and will not be a party to the pending English litigation

7

and therefore, discovery is proper under § 1782.  As such, this Court finds both the second and third *Intel* factors weigh in favor of discovery.

As to the fourth factor, whether the request conceals attempts to circumvent foreign proof-gathering restrictions or policies, this Court finds this weighs in favor of granting Applicants' motion.  Applicants' solicitor-advocate has sworn that Mr. Randolph has been previously subpoenaed for deposition testimony and documents in *In re BHP Billiton Limited Securities Litigation*, No. 16-cv-01445 (S.D.N.Y., filed Feb. 23, 2016).  Ainsworth Decl. at ¶28.  Furthermore, Applicants' solicitor-advocate also declared, "[t]he application does not, in any way, attempt to circumvent limitations on disclosure or discovery in the English Litigation.  English case law clearly allows mechanisms for a party to obtain evidence believed necessary to support their case provided such means are lawful in the country in which they are used and do not interfere with the courts' control of their own processes."  *Id*. at ¶31.  *See also In re Bayerische Motoren Werke AG*, No. MC-22-00016-PHX-SPL, 2022 WL 1092804, * 2 (D. Ariz. Apr. 12, 2022) ("The Court has no reason to believe that Applicant is [attempting to circumvent foreign proof-gathering restrictions]. Applicant has submitted a Declaration from a German attorney that no law or rule in the…[a]ction prevents a party from seeking and using § 1782 discovery.  *See In re Varian*, 2016 WL 1161568, at *5"); *SC Ins. Co. v. Assurantie Maatschappij* (1986), 195 N.R. 295 (HL) ("[§ 1782 does not] depart from, or interfere with, the procedure of the English court"); *In re IKB Deutsche Industriebank AG, 2010 WL 1526070*, at *4 (N.D. Ill. Apr. 8, 2010).  Therefore, this Court finds Applicants' request does not seek to circumvent English proof-gathering restrictions.  This fourth factor weighs in favor of granting Applicants' motion.

Lastly, this Court does not find that the Applicants' request contains unduly intrusive or burdensome requests. According to Federal Rule of Civil Procedure 45(c)(3)(A)(iv), a federal court must modify or quash a subpoena that subjects a person to an undue burden, which depends on factors such as relevance and the burden imposed. Fed.R.Civ.P. 45(c)(3)(A)(iv); *In re Bayer AG*, 146 F.3d 188; 196 (3d Cir. 1998), as amended (July 23, 1998); *In re Application of Esses*, 101 F.3d 873, 876 (C.A.2 1996). This Court finds Applicants' proposed deposition topics and items it seeks through discovery are narrowly tailored to Applicants' claims. *See* Ex. C, Schedule A. Mr. Randolph's testimony and documents are relevant to Applicants' ability to prove that English Defendants "(i) had ownership and/or control over Samarco and/or funded, benefited from, or failed to supervise Samarco's mining operations, (ii) knew about the risks relating to the Fundao Dam and made negligent management and operational decisions in face of such risks, and/or (iii) ultimately permitted activities which involved considerable risks to the community…[t]he document requests are also narrowly tailored to seek only documents that, upon information and belief, will not otherwise be produced in the English litigation." Doc. 1-1 at 22. Therefore, this Court does not find Applicants' discovery request to be burdensome, unduly intrusive, or duplicative. The discretionary *Intel* factors weigh in favor of granting Applicants' motion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Applicants' *Ex Parte* Application is **GRANTED**.

**IT IS FURTHER ORDERED** that Applicants are authorized to serve the subpoena annexed as Exhibit C on Respondent by **February 23, 2024**. Respondent shall comply with the

subpoena in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

**IT IS FURTHER ORDERED** that copies of the Application, the Memorandum of Law, the Declaration, and this Order shall be served on:

Marcus Randolph

160 Brownell Howland Rd.

Santa Fe, NM 87501

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE